# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL BOCCARDI**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 16 C 6225 |
| **THE CITY OF CHICAGO**, a Municipal Corporation, and **KEVIN KOPERNIAK #18845**, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This Court has just belatedly[1] received a copy of the Complaint brought by Michael Boccardi ("Boccardi") against the City of Chicago and Chicago Police Officer Kevin Koperniak, in which Boccardi's lawyer has sought to invoke federal subject matter jurisdiction under 42 U.S.C. § 1983 ("Section 1983") and under the supplemental jurisdiction provisions of 28 U.S.C. § 1367 ("Section 1367"). Because that effort is plainly frivolous as a matter of law, this sua sponte memorandum opinion and order dismisses both the Complaint and this action for want of federal jurisdiction.

With Boccardi's allegations being accepted as true for present purposes,[2] his lawsuit derives from a motor vehicle accident in which Boccardi, operating his motorcycle in the early

---

[1] See this District Court's LR 5.2(f).

[2] That does not of course involve any findings or conclusions on the part of this Court. To choose one important example, Complaint ¶ 53 alleges that Koperniak was acting "under color of law," while Complaint ¶¶ 20, 35 and 51 allege that Koperniak "was not responding to an 'emergency call' at the time." It is of course entirely possible that Koperniak's presence on the road in the wee hours of the morning was under circumstances that would not fit the "color of
(continued)

hours of the morning (at 4:45 a.m. about June 15, 2015), sought to avoid a collision with Officer Koperniak's squad car, which ran a red light while traveling in excess of the speed limit (about 40 mph). With the vehicles simultaneously arriving at a City of Chicago intersection at right angles to each other, Boccardi's avoidance efforts caused his motorcycle to slide to the ground, so that he "sustained severe physical and emotional injuries, including two fractured ribs and a fractured left collar bone" (that identical allegation appears in each of the Complaint's three counts, at Complaint ¶¶ 19, 34 and 50).

As Section 1367(a) clearly reads, supplemental jurisdiction claims are piggyback in nature, dependent on their being within the same Article III case or controversy as a bona fide federal claim. But Boccardi's lawyer almost gives the game away when he has drafted a three-count Complaint in which the <u>first</u> two counts set out supplemental jurisdiction claims (Count I is captioned "Willful and Wanton Conduct (Illinois State Law Claim)," while Count II is captioned "Negligence (Illinois State Law Claim)"). Then when Boccardi's counsel does get to the Count III claim, purportedly advanced under Section 1983, those identical facts are sought to be characterized as having "displayed a deliberate abuse of power, shocking to the conscience, which violated the Plaintiff's substantive due process rights to life and personal security under the Fourteenth Amendment" (Complaint ¶ 52) -- and that is said to have "resulted in the deprivation of Plaintiff's rights, without substantive due process of law, in violation of 42 U.S.C., Section 1983" (Complaint ¶ 53).

---

(footnote continued)
law" requirement of Section 1983 -- a legal concept -- but this opinion assumes arguendo that Complaint ¶ 53 (like Boccardi's other allegations) is true.

That attempt to convert a garden variety tort claim into a claim of constitutional violation just because the tortfeasor is an agent of a state governmental unit calls to mind the futile efforts of alchemists in the Middle Ages in seeking to transmute base metal into gold. In legal terms Boccardi's lawsuit is fatally flawed under Fed. R. Civ P. 12(b)(1) -- although a multitude of authorities could be cited on that score, perhaps the most succinct statement known to this Court appears in a footnote in a case it has frequent occasion to cite in other contexts, <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 n.6 (1989):

> A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1). See, e.g., <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-537 (1974) (federal courts lack power to entertain claims that are " 'so attenuated and unsubstantial as to be absolutely devoid of merit' ") (citation omitted); <u>Bell v. Hood</u>, 327 U.S. 678, 682-683 (1946).

Accordingly, as stated at the outset of this opinion, both the Complaint and this action are dismissed for lack of federal subject matter jurisdiction. This dismissal is with prejudice so far as federal jurisprudence is concerned, but it is of course without prejudice to Boccardi's right to pursue his state law claims in a state court of competent jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 24, 2016